UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| KYREE D. BRODGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00201-TWP-DML |
| | ) | |
| B. DANGLER, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

Plaintiff Kyree D. Brodgen, an inmate at the Floyd County Jail, alleges that he was subjected to excessive force by the defendant.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under § 1915A(a) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The complaint alleges that on August 21, 2019, there was an altercation and the plaintiff refused to get on the dirty ground. In response, the plaintiff was restrained and handcuffed. After the plaintiff was handcuffed, he "was punched excessively by Officer R Dangler in the face…." Dkt. 1 at p. 2. The plaintiff seeks money damages against Officer Dangler for excessive use of force.

## III. Discussion of Claims

The excessive force claim against Officer Dangler has been screened and shall proceed as submitted. Whether the excessive force claim shall be understood as brought pursuant to the Eighth or Fourteenth Amendment depends on whether the plaintiff was a pretrial detainee or a convicted prisoner at the time of the use of force.

This summary of claims includes all of the viable claims identified by the Court.

## IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Officer B. Dangler in the manner specified by Rule 4(d). Process shall consist of the complaint filed on September 23, 2019, (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

IT IS SO ORDERED.

Date: 10/7/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KYREE D. BRODGEN
#126582
FLOYD COUNTY JAIL
Inmate Mail/Parcels
P.O. Box 1406
New Albany, IN 47150

Officer B. Dangler
Floyd County Jail
311 Hauss Sq.
New Albany, IN  47150